## LOUD, Ex'x, v. STONE.[1]

*(Circuit Court, D. Massachusetts. August 18, 1886.)*

PATENTS FOR INVENTIONS — SUIT FOR INFRINGEMENT — PROFITS — MASTER'S REPORT.

 The report of the master, finding that at least one-half of defendant's profits made from his manufacture and sale of infringing pumps was due to the use of the patent in suit, sustained, and a rehearing of the case denied.

In Equity.

*J. E. Maynadier* and *F. Dodge*, for complainant.

*T. L. Wakefield*, for defendant.

COLT, J. Judge NELSON held that the plaintiff was not entitled to recover the entire profits derived by the defendant from the manufacture and sale of the infringing pumps; that the defendant is accountable for the profits only so far as the infringing pumps contained the exact improvements described in the plaintiff's patent in suit. In the report of the master, on recommitment, he has found that at least one-half of the profit made by the defendant is to be attributed to his use of the plaintiff's invention. The defendant excepts to the master's construction of Judge LOWELL's opinion that the exact improvements described in the patent in suit consist in the chamber and valves so arranged in a diaphragm pump that they can be reached and the valves removed by hand for the purposes specified. I think the master's construction right, and that his finding upon the question of what are the exact improvements described in plaintiff's

---

[1] Edited by Charles C. Linthicum, Esq., of the Chicago bar.

patent is sufficiently definite under the order of recommitment. Defendant's first exception should be overruled.

The master found that no prior pump contained any part of the plaintiff's improvements as defined by the court. The fact that in prior piston pumps the chamber and valves could be reached and removed by hand is immaterial. The portion of defendant's profits for which he is accountable is not to be measured by what was attributable to the use of a diaphragm instead of a piston, but it is the profits attributable to the use of plaintiff's patented combination. The defendant's second exception is overruled.

The findings of the master that the improvements covered by plaintiff's patent are not found in prior pumps, and that the Edson water-pump may properly be considered as an abandoned experiment, seem to me to be correct, and therefore the third, fourth, fifth, sixth, seventh, and eighth exceptions are overruled. The ninth exception is also overruled.

I think the master's report on the state of the art, and the exact improvements covered by plaintiff's patent, are sufficiently clear, and that his finding that at least one-half of the profit made by defendant is to be attributed to his use of plaintiff's invention should be affirmed. This disposes of the tenth exception.

The remaining exceptions, so far as they are not covered by those already considered, raise the question whether the master properly refused to report the evidence. Under the circumstances as presented in the master's report, and which it is unnecessary to enter upon in detail, I am of opinion that the master was justified in the action taken.

Defendant's exceptions overruled. Plaintiff's exceptions overruled. Defendant's petition for rehearing denied.